**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | |
|---|---|
| Dorothy Carroll, | Civil Action No._____ |
| Plaintiff, | |
| v. | |
| United Parcel Service, Inc., | |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant United Parcel Service, Inc. ("Defendant"), hereby gives notice of removal of the civil action styled *Dorothy Carroll v. United Parcel Service, Inc.*, Case No. 2017-CP-02-02446 ("State Court Action"), from the Court of Common Pleas for the Second Judicial Circuit, Aiken County, South Carolina, to the United States District Court for the District of South Carolina, Aiken Division. In support of this Notice of Removal, Defendant respectfully shows the Court as follows:

1. Plaintiff Dorothy Carroll ("Plaintiff") commenced this lawsuit by filing a Complaint on October 10, 2017, in the Court of Common Pleas in Aiken County, South Carolina. Defendant accepted service of the Summons and Complaint by certified mail through its registered agent for service of process on October 17, 2017.

2. Plaintiff, a current employee of Defendant, asserts claims against Defendant for alleged race discrimination and retaliation under 42 U.S.C. § 1981 ("Section 1981"), as well as claims for breach of contract and breach of contract with fraudulent intent premised on the collective bargaining agreement ("CBA") between Defendant and the International Brotherhood

of Teamsters, which represents Defendant's employees.  Plaintiff also asserts a fifth cause of action for intentional infliction of emotional distress.

3.     As set forth in more detail below, removal of the State Court Action to this Court is proper because this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction), and all other requirements of 28 U.S.C. §§ 1441 and 1446 are satisfied.

### FEDERAL QUESTION JURISDICTION

4.     Under 28 U.S.C. § 1331 ("section 1331"), federal courts have original jurisdiction over any civil case "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

5.     This case is removable by reason of federal question jurisdiction because it arises under the laws of the United States of America.  Plaintiff's claims arise under and are based, in part, on Section 1981, which is a federal statute.  Further, under long-standing precedent, Plaintiff's breach of contract claims for an alleged breach of the CBA are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and, thus, also arise under federal law.[1]

6.     This Court also has jurisdiction over Plaintiff's remaining non-federal claim for intentional infliction of emotional distress ("IIED") pursuant to 28 U.S.C. §§ 1367(a) and 1441(c), which provide the Court with supplemental jurisdiction over otherwise non-removable causes of

---

[1] *See Textile Workers v. Lincoln Mills,* 353 U.S. 448 (1957); *Davis v. Bell Atl.-W. Virginia, Inc.,* 110 F.3d 245, 247 (4th Cir. 1997) ("To ensure uniform interpretation of collective-bargaining agreements and to protect the power of arbitrators, § 301 has been found to 'displace entirely any state cause of action for violation of contracts between an employer and a labor organization.'") (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23 (1983)).

action that are joined with a separate and independent claim within the jurisdiction conferred by section 1331, so long as such non-removable claims are so related to the federal claim that they form part of the same case or controversy. The allegations in the Complaint make clear that Plaintiff's state-law IIED claim (as well as her preempted breach of contract claims) are based on the same nucleus of operative facts that give rise to her federal claims.

7. For the reasons set forth above, the State Court Action is removable to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (c).

## DIVERSITY JURISDICTION

8. Under 28 U.S.C. § 1332, district courts have original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a).

9. Upon information and belief, the amount in controversy here exceeds $75,000, exclusive of interest and costs. Plaintiff alleges five causes of action, and seeks compensatory damages, actual damages, punitive and special damages for each cause of action, including back pay, front pay, future earnings and fringe benefits. (Complaint, Prayer for Relief.)

10. Plaintiff is a citizen and resident of the state of South Carolina. (Complaint, ¶ 1.)

11. Defendant is now and, at all relevant times, has been a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Atlanta, Georgia, and is considered a citizen of those two states for diversity purposes.

12. Because Plaintiff is a citizen of South Carolina, and Defendant is a citizen of Georgia and Ohio, complete diversity exists between the parties. Because the amount in controversy also exceeds $75,000, removal of the State Court Action is proper for the independent reason that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

**ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

13.     In addition to the jurisdictional requirements discussed above, 28 U.S.C. §§ 1441 and 1446 also set forth certain procedural requirements with respect to removal.  *See* 28 U.S.C. §§ 1441(a), 1446.  As set forth below, Defendant has satisfied the procedural requirements set forth in 28 U.S.C. §§ 1441 and 1446.

14.     Venue is proper.  The State Court in which this action was commenced is within this Court's district and division.  Therefore, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

15.     Defendant timely files this Notice of Removal within thirty (30) days of service of Plaintiff's Complaint in the State Court Action.  *See* 28 U.S.C. § 1446(b).  Defendant was served on October 17, 2017.  Thirty days after October 17 is November 16.  Defendant files this Notice of Removal on November 16, 2017.  Defendant's Notice of Removal is therefore timely.

16.     In accordance with 28 U.S.C. § 1446(a), Defendant attaches hereto, as **Exhibit A** and **Exhibit B**, respectively, a copy of the Notice of Service of Process received by Defendant and the Civil Summons and Complaint served upon Defendant, which constitute all process, pleadings or orders previously filed or served upon Defendant in the State Court Action.

17.     Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served on Plaintiff's counsel and filed with the Clerk of Court for the Court of Common Pleas of Aiken County, South Carolina, where the State Court Action originally was filed.

18.     Simultaneously herewith, Defendant is filing its Responses to Local Civil Rule 26.01 Interrogatories.  Defendant will file its responsive pleading in this Court in accordance with Federal Rule of Civil Procedure 81(c)(2), which provides that a removing defendant shall file its responsive pleading within seven days after a notice of removal is filed.

For these reasons, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, and removal pursuant to 28 U.S.C. §§ 1441 and 1446 is proper.

s/ Susan P. McWilliams
Susan P. McWilliams          Fed. ID 3351
smcwilliams@nexsenpruet.com
Sara S. Svedberg          Fed. ID 11928
ssvedberg@nexsenpruet.com
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Columbia, South Carolina 29202
Tel: 803.253-8221

November 16, 2017          ATTORNEYS FOR DEFENDANT
Columbia, South Carolina          UNITED PARCEL SERVICE, INC.