IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Dorothy Carroll, | C/A No. 1:17-cv-03108-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| United Parcel Service Inc., | |
| Defendant. | |

This matter comes before the Court on Defendant's Motion to Dismiss. ECF No. 5. Plaintiff filed a Response in Opposition, ECF No. 13, and Defendants filed a Reply, ECF No. 16. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On March 15, 2018, the Magistrate Judge issued a Report recommending that the Motion to Dismiss be granted in part and recommending that the issue of diversity jurisdiction over Plaintiff's remaining state law causes of action be taken under advisement. ECF No. 24. Plaintiff filed objections to the Report, Defendant filed a response to Plaintiff's objections, and Defendant filed objections to the Report. ECF Nos. 28, 29, 31.

**LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

1

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## BACKGROUND

Plaintiff filed this case in the Court of Common Pleas for the County of Aiken, South Carolina, alleging five causes of action: (1) race discrimination pursuant to 42 U.S.C. § 1981 (disparate treatment and hostile work environment);[1] (2) retaliation pursuant to 42 U.S.C. § 1981; (3) breach of contract; (4) breach of contract with fraudulent intent; and (5) intentional infliction of emotional distress. ECF No. 1-2. Defendant filed a Notice of Removal, contending jurisdiction is proper pursuant to federal question, supplemental, and diversity jurisdiction. ECF No. 1. The Magistrate Judge provides a thorough recitation of the facts of this case and the motion to dismiss standard in her Report which the Court incorporates by reference. The Magistrate Judge recommends dismissal of Plaintiff's race discrimination and retaliation claims, declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and ordering further briefing on

---

[1] As the Magistrate Judge notes, Plaintiff should have pled her disparate treatment and hostile work environment claims separately, rather than in the same cause of action.

whether diversity jurisdiction provides an independent jurisdictional basis for the state law claims. Both parties filed objections. The Court turns first to Plaintiff's objections.

## I. Plaintiff's Objections

### A. Race Discrimination (Claim I)

Plaintiff summarily contends in her objections, "given the racially charged and racially discriminatory treatment alleged by Defendant, it is clear that viewed cumulatively, these instances constitute clear Race Discrimination." ECF No. 28 at 5. However, Plaintiff does not allege any facts, separate and apart from her membership in a protected class, that plausibly indicate that any of the adverse actions taken were due to her race. In fact, none of the factual allegations referenced by Plaintiff in her objections even reference race. As Defendant aptly notes, "[Defendant] does not dispute that Plaintiff *alleges* that she was unfairly treated, or that she *alleges* that such treatment was because of her race. What Plaintiff fails to do, however, is to allege any *facts* to suggest that her race had anything to do with the alleged unfair treatment she describes." ECF No. 31 at 4–5. Indeed, Plaintiff has not pled any facts related to racially charged comments, jokes, or other actions that could plausibly establish the necessary racial animus or motive to prove a claim for racial discrimination. *See Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190–91 (4th Cir. 2010) ("Here, although [the plaintiff's] complaint conclusorily alleges that [the plaintiff] was terminated based on his race, it does not assert facts establishing the plausibility of that allegation. . . . Absent such support, the complaint's allegations of race discrimination do not rise above speculation.").

Additionally, Plaintiff objects to the Report's recommendation that her hostile work environment claim be dismissed. A workplace becomes "hostile" only "[w]hen the

workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citations omitted). Plaintiff has simply not alleged any plausible facts that demonstrate intimidation, ridicule, or insult based on her race. Instead, Plaintiff relies on conclusory allegations that imply a causal connection between her race and a hostile work environment. Accordingly, Plaintiff's objections are overruled.

### B. Retaliation (Claim II)

Plaintiff also objects to the Report's finding that she has not plausibly pled a cause of action for retaliation. Plaintiff relies on Paragraphs 54 through 56 of her Complaint, which state:

> 54. Plaintiff contends that she was retaliated against, by the Defendant, after Plaintiff complained of the racially discriminatory actions of Defendant and its agents and after Plaintiff called Defendant's Hotline to report harassment.
>
> 55. Upon filing grievances, calling Defendant's Hotline, and filing Labor complaints against Defendant, Plaintiff began to receive disciplinary actions – write ups, verbal reprimands, being removed from her sorter position and termination.
>
> 56. Plaintiff is informed and believes that Defendant retaliated against her for exercising her rights, as Plaintiff was completing a protected activity and only after Plaintiff completed such was she retaliated against.

ECF No. 1-2 at 14. Indeed, Plaintiff contends "[a]ll that the law requires is that the Plaintiff assert plausible legal claims" rather than "convince the court of the merits of such claims." ECF No. 28 at 6. Plaintiff is correct that she need not convince the Court of the merits of her case at the pleading stage; however, she is required to plead facts that plausibly give rise to a claim that she received adverse treatment due to her opposition to any unlawful

4

practice under 42 U.S.C. § 1981 ("Section 1981"). A thorough review of Plaintiff's Complaint demonstrates that the actions taken by Plaintiff detailed above related to various workplace and personnel disputes rather than to any protected activity under Section 1981. *See* ECF No. 24 at 16 (detailing Plaintiff's factual allegations). Accordingly, the Court adopts the Report's finding that "Plaintiff has failed to allege that Defendant retaliated against her for opposing racial discrimination." *Id.*

### C. State Law Claims (Claims III–V)

As to Plaintiff's state law claims, Plaintiff stipulates that her actual damages do not meet the requisite amount in controversy under 28 U.S.C. § 1332. The impact of this stipulation will be discussed below in relation to Defendant's objections.

## II. Defendant's Objections

### A. Breach of Contract Claims (Claims III and IV)

Defendant objects to the Report's recommendations related to Plaintiff's breach of contract claims. Specifically, Defendant contends the Report erred in finding that these claims did not implicate a federal question. *See* ECF No. 24 at 18 n.6. The Court agrees, as Plaintiff's Complaint facially alleges a breach of a Collective Bargaining Agreement ("CBA"). Therefore, the Court potentially has federal question jurisdiction over these claims pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. However, Plaintiff has failed to plead the necessary elements for a Section 301 claim, i.e., that (1) Plaintiff exhausted the grievance process with respect to her contract (discrimination) claims and (2) the Union breached its duty of fair representation or otherwise acted improperly. *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656–57 (4th Cir. 2002). Therefore, Plaintiff's breach of contract claims related to breach of the

CBA are dismissed. Nevertheless, Plaintiff also alleges breaches of an employee handbook and Defendant's policies and procedures. Accordingly, the Court must also determine whether it has jurisdiction over these aspects of Plaintiff's breach of contract claims.

As indicated above, Plaintiff has stipulated that she is not seeking damages in excess of the jurisdictional minimum. ECF No. 28 at 9. Therefore, the Court does not have original jurisdiction over Plaintiff's breach of contract claims related to the handbook or policies and procedures. In deciding whether to exercise supplemental jurisdiction, courts look at "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Here, the Court finds it appropriate to decline to exercise supplemental jurisdiction over Plaintiff's remaining breach of contract claims. Plaintiff initiated this case in state court and there is no underlying issue of federal policy that would justify retaining jurisdiction over this matter. Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining portions of Plaintiff's breach of contract claims and remands these claims to state court.

### B. Intentional Infliction of Emotional Distress (Claim V)

Finally, Defendant objects to the Report and asks the Court to exercise supplemental jurisdiction over Plaintiff's Intentional Infliction of Emotional Distress claim. For the reasons detailed above, the Court declines to exercise supplemental jurisdiction and also remands this claim to state court.[2]

---

[2] Defendant's reliance on *Talamantes v. Berkeley City School District*, 340 F. Supp. 2d 684 (D.S.C. 2004), is misplaced as that case was before the court on summary judgment after a factual record had been developed, which implicates concerns of judicial economy.

6

## Conclusion

For the foregoing reasons, the Defendant's Motion, ECF No. 5, is **GRANTED IN PART** and **DENIED IN PART** as set out in this order. The claims for discrimination and retaliation are **DISMISSED.** The claims for breach of contract and breach of contract with fraudulent intent are **DISMISSED** to the extent they allege breaches of the CBA. The breach of contract claims brought under the handbook, policies, and procedures and the Intentional Infliction of Emotional Distress claim are **REMANDED.**

IT IS SO ORDERED.

                                                        s/Donald C. Coggins, Jr.
                                                        United States District Judge

August 29, 2018
Spartanburg, South Carolina